20-3313-br
In re: Bronx Miracle Gospel Tabernacle Word of Faith Ministries, et al

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**AMENDED SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of February, two thousand twenty-two.

Present:     ROSEMARY S. POOLER,
             ROBERT D. SACK,
             WILLIAM J. NARDINI,
                      *Circuit Judges*.

_____

IN RE: BRONX MIRACLE GOSPEL TABERNACLE WORD OF FAITH MINISTRIES, THE CHURCH, REV. DR. KEITH ELIJAH THOMPSON, PASTOR, REV. YVONNE MAE THOMPSON, MINISTER JEANETTE Y. BROWN, ELDER CYNTHIA WILLIAMS, ELDER WILLIAM SAMUEL WRIGHT, DEACON FRANKLYN ROBINSON, DEACON CARLINGTON MCDONALD, DEACON STEVE BURTON, DEACONESS SHARON BURTON, DEACONESS ANNIE MOORE, DEACONESS JEAN WEISE, DEACONESS WINSOME FERGUSON, NADINE MCDONALD, MISSIONARY HERMIN YOUNG, MISSIONARY DALIA ROSS, MISSIONARY INA GRIFFITHS, MISSIONARY VALEDERICKA FRASER, MISSIONARY ETTA BROWN, MISSIONARY NORMA JOHNSON, ICYMAY THOMAS, MARCIA CAMPBELL, FREDDIE CAMPBELL, TRACEY-ANN MOORE, SONIA GRAHAM, KERRY-ANN DAVIS, YVETTE MCDONALD, KAREN LINDSAY, SUSAN MOORE, KEITH FERGUSON, MAXINE FERGUSON, ANDREA FERGUSON, SHARON CAMPBELL, PAULETTE CAMPBELL, KEITH ELIJAH THOMPSON, JR., SHAVONNE THOMPSON, SHALENE THOMPSON, SHARICE THOMPSON, ALEXANDER BOSWELL, BARBARA DALEY, CAMILLE WALTON, MARION SERGENT HALL, HORACE HALL, BARBARA GOODWIN, WINSOME MAXWELL, MURCENT BROWN, MARIE MOORE, SHARON REDLEY, VANGELINE CAMPBELL, SARAH HALL,

PHILLICIA ROSE BROWN, LORNA FAGAN, PEARLINE
BOOTHE-PANTON, ELOUISE BACCHUS, BERYL MORRISON,
LUCILLE MOORE, ANTHONY EDWARDS, HARRISON
WINCHESTER, MARJORIE WINCHESTER, MYRTLE BROWN,
JOHANNA DAUGHMA, KEMMAR DAUGHMA, MARGARET
ROBINSON, LEROY ROBINSON, ANTHONY HYATT, JR.,
JENNIFER STUBBS, LYNDEN STUBBS, JOSEPH QUANIOO,
ZEPHERIA ILLIDGE, BARBARA BENNETT,

*Petitioners.*

_____

BRONX MIRACLE GOSPEL TABERNACLE WORD OF FAITH
MINISTRIES, THE CHURCH, REV. DR. KEITH ELIJAH
THOMPSON, PASTOR, REV. YVONNE MAE THOMPSON,
MINISTER JEANETTE Y. BROWN, ELDER CYNTHIA
WILLIAMS, ELDER WILLIAM SAMUEL WRIGHT, DEACON
FRANKLYN ROBINSON, DEACON CARLINGTON MCDONALD,
DEACON STEVE BURTON, DEACONNESS SHARON BURTON,
DEACONESS ANNIE MOORE, DEACONESS JEAN WEISE,
DEACONESS WINSOME FERGUSON, NADINE MCDONALD,
MISSIONARY HERMIN YOUNG, MISSIONARY DALIA ROSS,
MISSIONARY INA GRIFFITHS, MISSIONARY VALEDERICKA
FRASER, MISSIONARY ETTA BROWN, MISSIONARY NORMA
JOHNSON, ICYMAY THOMAS, MARCIA CAMPBELL, FREDDIE
CAMPBELL, TRACEY-ANN MOORE, SONIA GRAHAM, KERRY-
ANN DAVIS, YVETTE MCDONALD, KAREN LINDSAY, SUSAN
MOORE, KEITH FERGUSON, MAXINE FERGUSON, ANDREA
FERGUSON, SHARON CAMPBELL, PAULETTE CAMPBELL,
KEITH ELIJAH THOMPSON, JR., SHAVONNE THOMPSON,
SHALENE THOMPSON, SHARICE THOMPSON, ALEXANDER
BOSWELL, BARBARA DALEY, CAMILLE WALTON, MARION
SERGENT HALL, HORACE HALL, BARBARA GOODWIN,
WINSOME MAXWELL, MURCENT BROWN, MARIE MOORE,
SHARON REDLEY, VANGELINE CAMPBELL, SARAH HALL,
PHILLICIA ROSE BROWN, LORNA FAGAN, PEARLINE
BOOTHE-PANTON, ELOUISE BACCHUS, BERYL MORRISON,
LUCILLE MOORE, ANTHONY EDWARDS, HARRISON
WINCHESTER, MARJORIE WINCHESTER, MYRTLE BROWN,
JOHANNA DAUGHMA, KEMMAR DAUGHMA, MARGARET
ROBINSON, LEROY ROBINSON, ANTHONY HYATT, JR.,
JENNIFER STUBBS, LYNDEN STUBBS, JOSEPH QUANIOO,
ZEPHERIA ILLIDGE, BARBARA BENNETT,

*Petitioners-Appellants,*

2

HON. STUART M. BERNSTEIN, BANKRUPTCY COURT JUDGE,
IN HIS OFFICIAL CAPACITY,[1] DEBORAH J. PIAZZA, CHAPTER
7 TRUSTEE, IN HER OFFICIAL CAPACITY,

*Defendants-Appellees*.

_____

Appearing for Appellants:     Karamvir Dahiya, Dahiya Law Offices, LLC, New York, N.Y.

Appearing for Appellee
Deborah J. Piazza:            Michael Z. Brownstein, Tarter Krinsky & Drogin LLP (Jill
                              Makower, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York
(Nathan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Bronx Miracle Gospel Tabernacle Word of Faith Ministries, Inc., together with its
members (collectively, "Bronx Miracle"), appeals from the September 11, 2020 decision and
order of the United States District Court for the Southern District of New York (Nathan, *J.*)
denying their petition for a writ of prohibition and mandamus, as well as their request for an
emergency stay of a sale of their real property. We assume the parties' familiarity with the
underlying facts, procedural history, and specification of issues for review.

Because the notice of appeal limits itself to the September 11 order denying the petition
for mandamus, the standard of review is not de novo, as Bronx Miracle urges. "The traditional
use of the writ in aid of appellate jurisdiction both at common law and in the federal courts has
been to confine the court against which mandamus is sought to a lawful exercise of its prescribed
jurisdiction." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380 (2004)
(brackets omitted). To be entitled to the issuance of a writ of mandamus, petitioners must
"demonstrate a clear abuse of discretion or conduct amounting to usurpation of the judicial
power to be entitled to issuance of the writ." *See Mallard v. U.S. Dist. Court for S. Dist. Iowa*,
490 U.S. 296, 309 (1989) (internal quotation marks, alterations, and citations omitted). A writ of
mandamus may be obtained only in cases with "exceptional circumstances or . . . extraordinary
significance." *In re United States*, 680 F.2d 9, 12 (2d Cir. 1982).

Issuance of the writ is subject to "three demanding conditions that must be satisfied." *In
re United States*, 945 F.3d 616, 623 (2d Cir. 2019). First, "the petitioner must have no other
adequate means to attain the relief it desires." *Id.* (internal quotation marks and bracket omitted).

_____

[1] Judge Stuart M. Bernstein was named as a respondent in the mandamus petition filed in the
district court. He declined to file a brief or otherwise participate in this appeal.

Second, "the petitioner must satisfy the burden of showing that [its] right to issuance of the writ is clear and indisputable." *Id.* (internal quotation marks omitted). Third, "the issuing court must be satisfied that the writ is appropriate under the circumstances." *Id.* (internal quotation marks omitted).

Bronx Miracle sought three forms of relief from the district court: an emergency stay of the sale of the church property; removal of the trustee and the restoration of Bronx Miracle to debtor-in-possession status; and withdrawal of the reference to the bankruptcy court. [2] As it failed to show it can satisfy any of the conditions necessary to obtain a writ, we affirm the district court's order.

Bronx Miracle's claim for an emergency stay of the sale of the church property is moot, as the sale order was not stayed and the sale was later consummated. Section 363 of the Bankruptcy Code "creates a rule of statutory mootness which bars appellate review of any sale authorized by 11 U.S.C. § 363(b) or (c) so long as the sale was made to a good-faith purchaser and was not stayed pending appeal." *In re WestPoint Stevens, Inc.,* 600 F.3d 231, 247 (2d Cir. 2010) (internal quotation marks and citation omitted).

Nor is Bronx Miracle able to show entitlement to a writ to remove the trustee and restore Bronx Miracle to debtor-in-possession status, or for the withdrawal of reference to bankruptcy court. Among other things, Bronx Miracle has not shown that it lacked an adequate alternative means, instead of an extraordinary writ of mandamus, for each form of relief. With respect to removal of the trustee, Bronx Miracle failed to take a timely appeal to the district court, even though it could have done so. "[M]andamus will not issue merely as a substitute for ordinary appellate review." *United States v. Lasker*, 481 F.2d 229, 232 (2d Cir. 1973). Likewise, Bronx Miracle could have sought withdrawal of the reference to the bankruptcy court using the available procedure, but did not do so. *See* 28 U.S.C. § 157(d); S.D.N.Y. Local Bankruptcy Rule 5011-1 (outlining the procedure for filing a motion to withdraw the reference of a case or proceeding to the Bankruptcy Court). Given the availability of this alternative means of seeking the requested relief, there was no basis for Bronx Miracle to seek a writ of mandamus from the district court.

We have considered the remainder of Bronx Miracle's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] In its briefs before this Court, Bronx Miracle also suggested that it was entitled to an additional form of relief—damages. However, at oral argument, counsel for Bronx Miracle conceded that the issue of whether it was entitled to damages was not properly raised before the district court, and therefore is not at issue in the present appeal. We accordingly consider only the remaining three forms of relief discussed in the text.